[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14586
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00729-KD-C

GROUP CG BUILDERS AND CONTRACTORS,
LAURA CABRERA,

Plaintiffs-Appellants,

versus

CAHABA DISASTER RECOVERY, LLC,
DRC EMERGENCY SERVICES, LLC,
STEWART GAMBLE FUZZELL, JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 12, 2013)

Before MARCUS, KRAVITCH, and COX, Circuit Judges.

PER CURIAM:

Group CG Builders and Contractors and Laura Cabrera appeal the district court's dismissal of their case on *forum non conveniens* grounds.  We affirm.

I.

Group CG Builders and Contractors is a corporation incorporated under the laws of the Dominican Republic, with its principal place of business in the Dominican Republic.  Cabrera is a citizen of the Dominican Republic.[1]

In December 2011, Group CG and Cabrera (collectively, the Plaintiffs) sued Stewart Fuzzell, Cahaba Disaster Recovery, LLC, and DRC Emergency Services, LLC (collectively, the Defendants), seeking damages for, among other things, breach of contract[2] and the loss of a track excavator.  The contracts at issue were negotiated, drafted, and executed in the Dominican Republic.

The Defendants moved to dismiss the case on *forum non conveniens* grounds.  After extensive briefing, the magistrate judge issued a well-reasoned Report and Recommendation advising that the case be dismissed.  Over the

---

[1] We are satisfied that there is diversity jurisdiction under 28 U.S.C. § 1332.  The record adequately shows that the parties are diverse.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) (looking to the record evidence to determine that there is subject-matter jurisdiction).

[2] This case actually concerns two contract documents—a Debris Removal Subcontract and a Terms and Conditions Annex to the Debris Removal Contract.  The Plaintiffs and Cahaba Disaster Recovery Corporation (not a defendant here) apparently entered into these contracts.  The Plaintiffs did not sue Cahaba Disaster Recovery Corporation.  Instead, they sued Fuzzell, Cahaba Disaster Recovery Services, LLC, and DRC Emergency Services, LLC under an alter-ego theory. (Dkt. 1 at 11–15.)

2

Plaintiffs' objections, the district court adopted the Report and Recommendation and dismissed the case.[3]  The Plaintiffs appeal.

## II.

The parties agree that we review the district court's dismissal on *forum non conveniens* grounds for an abuse of discretion—an "extremely limited and highly deferential" standard, *see Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir. 2009) (internal quotation marks omitted).  We will affirm the district court's dismissal unless we find that the court "has made a clear error of judgment, or has applied the wrong legal standard."  *Id.* (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).

The Plaintiffs present three arguments on appeal: (A) the district court did not correctly apply the presumption in favor of their choice of forum, (B) the district court erred in its private-interest-factors analysis, and (C) the district court erred in holding that the Dominican Republic is an available and adequate forum.

---

[3] The court made dismissal subject to the following conditions: (1) Cahaba Disaster Recovery, LLC and DRC Emergency Services, LLC must allow the Plaintiffs to reinstate their claims against them in the Dominican Republic within 180 days of the final order dismissing the case; (2) Fuzzell must submit to suit in the Dominican Republic; (3) the Defendants must waive any statute of limitations or other defenses; (4) the Defendants must submit to the jurisdiction of the Dominican Republic courts and agree to accept service of process; (5) the Defendants will respect any final judgment rendered by the Dominican Republic courts; (6) the Defendants will help ensure that the Plaintiffs can obtain discovery from them; (7) the Defendants will make reasonable efforts to obtain the cooperation of former employees for discovery and trial purposes; and (8) if the Dominican Republic refuses jurisdiction, the Plaintiffs can reinstate their case before the district court.  (Dkt. 35.)

A.

The Plaintiffs first contend that the district court erred when it failed to "incorporate the presumption" that a plaintiff is entitled to the forum he selects in its interest-factor analysis. (Appellants' Br. at 8.) This argument on appeal is somewhat different from the argument they made before the district court. In their objections to the magistrate judge's Report and Recommendation, the Plaintiffs argued that the Report and Recommendation "[i]s [i]nconsistent with the [p]resumption" in favor of their chosen forum. (Dkt. 32 at 2.) That objection does not clearly encompass the argument made on appeal, but we will assume that the two arguments are essentially the same.

We find the argument unpersuasive. The district court properly incorporated the presumption throughout its analysis. The Report and Recommendation discussed the presumption at its outset. And it correctly recognized that because the Plaintiffs are foreign citizens, their choice of forum does not warrant a strong presumption. *See King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009) ("A foreign plaintiff's choice of forum, however, is a weaker presumption that receives less deference."). Only after discussing this presumption did the court engage in its analysis.

The Plaintiffs further contend that because the district court found that the private factors "weigh slightly in favor of the [Dominican Republic] or are

4

neutral," (*see* Dkt. 31 at 17,) the court erred by failing to apply the presumption, tipping the balance in their favor and, therefore, making dismissal inappropriate. However, a district court's conclusion that the private-interest factors are "in or near equipoise" does not end its analysis. *King*, 562 F.3d at 1384. The court must go on and analyze the public-interest factors. *Id.*; *see also C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (noting that "controlling weight cannot be given to any one factor"). Here, the district court did exactly that—it determined that the public-interest factors weigh in favor of dismissal. Accordingly, the court did not err in its application of the presumption.[4]

## B.

The Plaintiffs contend that the district court erred in its private-interest-factors analysis for two reasons: (1) it improperly relied on Fuzzell's affidavit and (2) it erred in finding that the factors point in favor of dismissal.

First, they argue that because Fuzzell's affidavit is conclusory, is self-serving, and fails to identify any witnesses or evidence, the district court should not have relied on it. In its private-interest-factors analysis, the court looked to Fuzzell's affidavit to conclude that some of the necessary witnesses and documents

---

[4] The Plaintiffs also argue that because they presented evidence that their chosen forum is convenient, the district court should have strengthened the presumption in favor of the chosen forum. But neither the Plaintiffs nor our research has found any Eleventh Circuit case law supporting that proposition, and in the absence of such case law, we decline to hold that the district court erred.

5

are located in the Dominican Republic.  As a result, it determined that the factors "weigh slightly in favor of the [Dominican Republic] or are neutral."  (Dkt. 31 at 17.)

In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258, 102 S. Ct. 252, 267 (1981), the Supreme Court rejected the idea that defendants must submit affidavits identifying the witnesses they would call and the testimony the witnesses would give, saying that "[s]uch detail is not necessary."  Defendants simply must "provide enough information to enable the [d]istrict [c]ourt to balance the parties' interests."  *Id.* at 258, 102 S. Ct. at 267.  Because we find that the affidavit provided enough information for the court to engage in its private-interest-factors analysis, we conclude that the court did not err in relying on it.

Second, the Plaintiffs argue that the district court erred in finding that the private-interest factors "weigh slightly in favor" of the Dominican Republic or "are neutral."  The district court did not abuse its discretion in reaching that conclusion. This case concerns contracts that were negotiated, drafted, and executed in the Dominican Republic.  For the Plaintiffs to prevail, they must prove that they performed the services and provided the equipment called for under the contracts. According to Fuzzell, the equipment was delivered to Haiti from the Dominican Republic.  And the employees who delivered the equipment and performed the services are likely to be either in the Dominican Republic or in Haiti.  Further, at

6

least one of the "key witnesses" as specified by the Plaintiffs—Laura Cabrera—is a Dominican Republic citizen.

C.

Finally, the Plaintiffs contend that the district court abused its discretion in determining that the Dominican Republic is an available and adequate forum.

We find no abuse of discretion in the district court's conclusion that the Dominican Republic is an available forum because the Defendants stipulated that they will submit to the jurisdiction of the Dominican Republic. This stipulation is sufficient to make the forum available. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (holding that a defendant's stipulation that he will be amenable to suit in the alternative forum and waive any available jurisdictional defenses is sufficient to make the forum available). Besides that, the Defendants presented the affidavit of Alberto Fiallo, an attorney who practices in the Dominican Republic, which says, "There are no obstacles preventing a Dominican Republic court from exercising jurisdiction over American defendants who consent to such jurisdiction." (Dkt. 14-2 ¶ 2.) The district court also ordered that if the Dominican Republic refuses jurisdiction, then the Plaintiffs can reinstate the case in the Southern District of Alabama. (Dkt. 35 at 2.)

Similarly, we find no abuse of discretion in the court's conclusion that the Dominican Republic is an adequate forum. Fiallo's affidavit says that "[a]ny

lawsuit regarding the breach of said contract could be brought again to the courts of the Dominican Republic" and that "[t]he laws of the Dominican Republic provide rights and remedies for cases regarding the substance of the claims asserted by the plaintiffs." (Dkt. 14-2 ¶¶ 2, 6.) Along with the Fiallo affidavit, the Defendants presented an affidavit from Dr. Manuel Berges Chupani, a Dominican Republic attorney, which says that the Dominican Republic recognizes the concept of alter ego. (Dkt. 29-1.) These affidavits make clear that the Dominican Republic permits "litigation of the subject matter of the dispute," *see Piper Aircraft*, 454 U.S. at 254 n.22, 102 S. Ct. 265 n.22, and the district court did not err in relying on them. Thus, the district court did not abuse its discretion in concluding that the Dominican Republic is an adequate forum.

## III.

We affirm the district court's dismissal on *forum non conveniens* grounds because we conclude that the district court did not abuse its discretion.

AFFIRMED.

8