# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2222
Lower Tribunal No. 18-35602
_____

**Celestino Martinez,**
Appellant,

vs.

**Alejandro Enrique Delfino Thormahlen, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Damian & Valori, LLP, and Melanie E. Damian and Allison J. Leonard, for appellant.

Holland & Knight, LLP, and Rebecca M. Plasencia, J. Raul Cosio, Christopher N. Bellows and Anna Marie Gamez, for appellee.

Before LOGUE, SCALES and HENDON, JJ.

PER CURIAM.

In <u>Gregorian International, Inc. v. Thormahlen</u>, 317 So. 3d 1246 (Fla. 3d DCA 2021), this Court reversed an October 28, 2019 order granting appellee, defendant below, Alejandro Enrique Delfino Thormahlen's motion to dismiss on the ground of *forum non conveniens*. "[S]o that this Court may have a sufficient record from which to conduct its review," we remanded the cause to the trial court with instructions to conduct an evidentiary hearing on the insular issue of the "adequacy" of the Venezuelan forum to adjudicate the claims of the plaintiff below, appellant Celestino Martinez. <u>Id.</u> at 1246. Martinez now appeals the trial court's October 19, 2021 order that, following an evidentiary hearing, once again granted appellee's motion to dismiss on the ground of *forum non conveniens*.[1]

---

[1] In <u>Kinney System, Inc. v. Continental Insurance Co.</u>, 674 So. 2d 86 (Fla. 1996), the Florida Supreme Court adopted the federal *forum non conveniens* test whereby the trial court must consider: (i) whether an adequate alternative forum exists which possesses jurisdiction over the whole case; (ii) all relevant factors of private interest, keeping in mind that there is a strong presumption against disturbing the plaintiff's choice of forum; (iii) if the balance of private interests is at or near equipoise, whether public interest factors tip the balance in favor of trial in the alternative forum; and (iv) whether the plaintiff can reinstate the suit in the alternative forum without undue inconvenience or prejudice. <u>See</u> Fla. R. Civ. P. 1.061.

This Court reviews a trial court order granting a motion to dismiss on the ground of *forum non conveniens* for an abuse of discretion. <u>See</u> <u>Abeid-Saba v. Carnival Corp.</u>, 184 So. 3d 593, 599 (Fla. 3d DCA 2016).

On remand, the trial court conducted a seven-hour evidentiary hearing at which the trial court heard conflicting testimony from competing fact and expert witnesses regarding whether the civil courts in Venezuela provide an adequate forum for the adjudication of Martinez's claims. On October 19, 2021, the trial court entered a detailed, ten-page order concluding that Venezuela is an adequate forum. While Venezuela may not provide a perfect alternative forum,[2] on this record we are unable to conclude that the trial court abused its discretion making its alternative forum adjudication. We are therefore compelled to affirm the trial court's order.[3]

Affirmed.

---

[2] "An adequate forum need not be a perfect forum." Abeid-Saba, 184 So. 3d at 600 (quoting Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1283 (11th Cir. 2001)). "An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." Id. (quoting King v. Cessna Aircraft Co., 562 F.3d 1374, 1382 (11th Cir. 2009)). "[S]ome inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate." Id. (quoting Borden, Inc. v. Meiji Milk Prods. Co., 919 F.2d 822, 829 (2d Cir. 1990)).

[3] The challenged October 19, 2021 order incorporated the trial court's findings made in the court's prior October 28, 2019 order. We affirm without discussion the October 28, 2019 order in its entirety.