**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2014

(Argued: March 11, 2015          Decided: August 7, 2015)

Docket No. 14-1361-cv

_____

ELIZABETH STARKEY,

*Plaintiff-Appellant*,

v.

G ADVENTURES, INC.,

*Defendant-Appellee.*

_____

Before:

JACOBS and LOHIER, *Circuit Judges*, and SWAIN, *District Judge*.[*]

Elizabeth Starkey filed suit against G Adventures, Inc., a travel company with which she booked a vacation tour, asserting a claim of negligence. The United States District Court for the Southern District of New York (Griesa, J.) dismissed Starkey's complaint, holding that G Adventures had reasonably communicated the terms and conditions applicable to the tour, including an enforceable forum selection clause that required Starkey to litigate her claim in Canada. We affirm.

_____

[*] The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

14-1361-cv
Starkey v. G Adventures, Inc.

ELLIOT B. PASIK, Law Office of Gerald P. Gross, Cedarhurst, NY, *for Plaintiff-Appellant.*

JOHN F. GAFFNEY, Hueston McNulty, P.C., Florham Park, NJ, *for Defendant-Appellee.*

LOHIER, *Circuit Judge*:

In this appeal we consider whether a hyperlink to a document containing a forum selection clause may be used to reasonably communicate that clause to a consumer. The appellant, Elizabeth Starkey, filed suit against G Adventures, Inc., a travel company with which she booked a vacation tour to the Galápagos Islands in Ecuador. Asserting a claim of negligence, Starkey alleged that one of G Adventures' employees sexually assaulted her during the trip. The United States District Court for the Southern District of New York (Griesa, J.) dismissed Starkey's complaint, holding that the United States was an improper forum because G Adventures had reasonably communicated the terms and conditions applicable to the tour, which included an enforceable forum selection clause that required Starkey to litigate her claim in Canada. We affirm.

**BACKGROUND**

We draw the following facts from the pleadings and affidavits submitted to the District Court. See Martinez v. Bloomberg LP, 740 F.3d 211, 216 (2d Cir. 2014). In September 2011 Starkey purchased a ticket for a vacation tour of the Galápagos Islands operated by G Adventures, which conducts tours worldwide. Shortly thereafter, G Adventures sent Starkey three emails: a booking information email, a confirmation invoice, and a service voucher. The booking information email contained the statement, "**TERMS AND CONDITIONS:** . . . All Gap Adventures passengers must read, understand and agree to the following terms and conditions." App'x 34. This statement was followed by a hyperlink with an underlined URL. The confirmation invoice and service voucher each also contained hyperlinks, which were preceded immediately by the following text: "Confirmation of your reservation means that you have already read, agreed to and understood the terms and conditions, however, you can access them through the below link if you need to refer to them for any reason." App'x 28, 31.

The hyperlinks in all three emails linked to a document entitled "G Adventures Inc. Booking Terms and Conditions."  The second paragraph of that document stated that "[b]y booking a trip, you agree to be bound by these Terms and Conditions . . . . These Terms and Conditions affect your rights and designate the . . . forum for the resolution of any and all disputes."  Supp. App'x 2.  Section 32 of the Booking Terms and Conditions contained the following forum selection clause: "The Terms and Conditions and Conditions of Carriage including all matters arising from it are subject to . . . the exclusive jurisdiction of the Ontario and Canadian Courts."  Supp. App'x 11.  Starkey does not dispute that she received the relevant emails.  Instead, she alleges that she never read the Booking Terms and Conditions because she never clicked on the hyperlinks.

As noted, during the Galápagos Islands tour, a G Adventures employee allegedly sexually assaulted Starkey, who then sued G Adventures for negligence in the Southern District of New York.  G Adventures responded that, pursuant to the forum selection clause in the Booking Terms and Conditions, Starkey's claims were subject to the exclusive jurisdiction of the

Ontario and Canadian courts. After discovery began, G Adventures moved on that basis to dismiss Starkey's suit pursuant to 28 U.S.C. § 1406. Construing the motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the District Court concluded that the Booking Terms and Conditions' forum selection clause barred Starkey from bringing suit in the United States, and dismissed her complaint.

This appeal followed.

## DISCUSSION

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of <u>forum non conveniens</u>." <u>Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.</u>, 134 S. Ct. 568, 580 (2013). We therefore construe G Adventures' motion under 28 U.S.C. § 1406 as a <u>forum non conveniens</u> motion to enforce a forum selection clause, see <u>Martinez</u>, 740 F.3d at 216, with the caveat that because we are asked to determine the enforceability of a forum selection clause, the <u>forum non conveniens</u> doctrine's "usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum," <u>id.</u>

at 218 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 6, 15 (1972)).

As in Martinez, we need not decide whether to review the grant of such a motion for abuse of discretion or de novo because, even on de novo review, the District Court's decision to dismiss the case was proper. See id. at 217.

"To determine whether the district court properly dismissed a claim based on a forum selection clause, we employ a four-part analysis," asking the following:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any . . . dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. . . . If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. . . . A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.[1]

---

[1] Federal common law governs the fourth prong of this analysis. Martinez, 740 F.3d at 217. Starkey assumes, and G Adventures does not dispute, that federal common law also applies to the first prong of the analysis. We therefore assume, without deciding, that federal common law applies to that prong as well.

Id. (quotation marks, emphasis, and alteration omitted). With respect to the second and third prongs of the Martinez analysis, Starkey does not dispute that the forum selection clause is mandatory and that her claims are within the scope of the clause.[2] With respect to the first prong of the analysis, which is in dispute, we acknowledge that whether G Adventures reasonably communicated the forum selection clause to Starkey is a somewhat close call.[3] But we ultimately conclude that it did.

A tour company reasonably communicates a forum selection clause where (1) its promotional brochure directs the traveler's attention to "the terms and conditions printed on the Passenger Ticket Contract which may be

---

[2] To the extent the parties even engage the issue of contract formation, they have forfeited any argument relating to whether, under state or Canadian contract law, the Booking Terms and Conditions became part of the parties' contract. We therefore do not decide that issue.

[3] We note that this case would have been simpler to resolve had G Adventures used a "clickwrap" mechanism to provide reasonable notice and to obtain Starkey's assent to the clause. See, e.g., Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 429 (2d Cir. 2004) (explaining that a "clickwrap" mechanism presents a computer user "with a message on his or her computer screen, requiring that the user manifest his or her assent to the terms of the . . . agreement by clicking on an icon," which ensures that the user is "forced to expressly and unambiguously manifest either assent or rejection prior to being given access") (quotation marks omitted).

inspected at any [of the company's] office[s]," and (2) the ticket contract itself set forth the clause clearly and unambiguously. Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 8-9 (2d Cir. 1995). As an initial matter, then, we address whether G Adventures sufficiently directed Starkey to the Booking Terms and Conditions.

Starkey received three separate emails stating that all G Adventures passengers must agree to the Booking Terms and Conditions; a capitalized, bolded heading "**TERMS AND CONDITIONS**" heralded one of these statements. Cf. id. at 9 (upholding forum selection clause heralded by bold face heading and cross-reference to text of clause). Two of the emails advised Starkey that she could access the Booking Terms and Conditions by clicking on the hyperlink. The third email implicitly provided the same advice by introducing the hyperlink as the "following terms and conditions" and underlining the URL in a manner distinctive to hyperlinks.

G Adventures' emails thus sufficiently directed Starkey's attention to the Booking Terms and Conditions by means of a hyperlink and language advising Starkey to click on the hyperlink. This method serves the same

function as the method of cross-referencing language in a printed copy promotional brochure and sufficed to direct Starkey's attention to the Booking Terms and Conditions. Both methods may be used to reasonably communicate a forum selection clause.

We now determine whether, in addition to G Adventures' emails and the hyperlinks inserted therein, the Booking Terms and Conditions reasonably communicated the forum selection clause to Starkey. See id. They did. The second paragraph of the Terms and Conditions document stated that the document designated the "forum for the resolution of any and all disputes." Supp. App'x 2. And "[t]he forum-selection clause itself state[d] in clear and unambiguous language—albeit in fine print—that all suits" arising from the Booking Terms and Conditions and the Conditions of Carriage would be subject to the exclusive jurisdiction of the Ontario and Canadian courts. See Effron, 67 F.3d at 9. We conclude that these two paragraphs together reasonably communicated the forum selection clause to Starkey and that the forum selection clause is therefore presumptively enforceable.

To rebut the presumption of enforceability, Starkey argues that

enforcement of the forum selection clause would be unreasonable and unjust.

We disagree. We will decline to enforce a forum selection clause only if

> (1) its incorporation was the result of fraud or overreaching;
> (2) the law to be applied in the selected forum is fundamentally
> unfair; (3) enforcement contravenes a strong public policy of the
> forum in which suit is brought; or (4) trial in the selected forum
> will be so difficult and inconvenient that the plaintiff effectively
> will be deprived of his day in court.

Martinez, 740 F.3d at 228 (citing M/S Bremen, 407 U.S. 1) (quotation marks

omitted).

Here, Starkey "has made no showing whatsoever that she would not

receive a fair hearing on her claims" in Canada, Effron, 67 F.3d at 10, or that G

Adventures designated Canada as the exclusive forum in order to

"discourage [travel consumers] from pursuing legitimate claims," id.

(quotation marks and alterations omitted). To the contrary, since G

Adventures offers tours on every continent, it "was reasonable for [it] to select

a single venue for [consumers'] suits." Id.

Starkey also urges that it would be against public policy to force her to

litigate in Canada, because Canada does not follow the "American Rule,"

under which "the prevailing party may not recover attorneys' fees as costs or otherwise," and she therefore might be held liable for G Adventures' attorneys' fees if her lawsuit is unsuccessful. Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 123 (2d Cir. 2013) (quotation marks omitted); see Courts of Justice Act, R.S.O. 1990, c. C.43, s 131(1) (Can.). We have instructed that "it is not enough that the foreign law or procedure merely be different or less favorable than that of the United States" in order to show that enforcement of the forum selection clause would contravene public policy. Martinez, 740 F.3d at 229 (quotation marks omitted). Yet that is all that Starkey has demonstrated in this case.

We also reject Starkey's argument that the forum selection clause in this case should not be enforced against her as a survivor of sexual assault. Starkey can point to no "federal cases or statutes . . . [that] constitute declarations of public policy that justif[y] invalidating" the clause on that basis. Id. at 228. And, without more, we hesitate to draw a judicial line for such a clause that distinguishes one set of victims from another.

Finally, Starkey lists several inconveniences associated with litigating in Canada, such as the time and expense involved in traveling and the difficulty of ensuring that witnesses will testify on her behalf.  But we have previously described similar inconveniences as "the obvious concomitants of litigation abroad" rather than circumstances "that would prevent [a plaintiff] from bringing suit."  Phillips v. Audio Active Ltd., 494 F.3d 378, 393 (2d Cir. 2007) (citing M/S Bremen, 407 U.S. at 16).

In sum, we conclude that the forum selection clause in this case was enforceable and that the District Court appropriately dismissed Starkey's complaint.

**CONCLUSION**

We have considered Starkey's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we AFFIRM.