[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11773
_____

D.C. Docket No. 1:14-cv-24399-JLK

JAMES FEGGESTAD,
KAREN FEGGESTAD,
his wife,

                                        Plaintiffs - Appellants,

versus

KERZNER INTERNATIONAL BAHAMAS
LIMITED,
a Bahamian company,
KERZNER INTERNATIONAL LIMITED,
a Bahamian company,
ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,
PARADISE ISLAND LIMITED,
a Bahamian company,
BROOKFIELD ASSET MANAGEMENT INC.,
a Canadian company,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2016)

Before MARCUS and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

DUBINA, Circuit Judge:

Plaintiffs/Appellants, James and Karen Feggestad (the "Feggestads"), appeal the district court's order dismissing their complaint against defendants/appellees, Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, Paradise Island Limited, and Brookfield Asset Management Inc. (referred to collectively as "Kerzner"), on the basis of a valid forum selection clause. After reviewing the record, reading the parties briefs and having the benefit of oral argument, we affirm the district court's judgment of dismissal.

---

[*]Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

## I. BACKGROUND

A. *Facts*

The Feggestads made reservations at the Atlantis Resort on Paradise Island, Bahamas ("Atlantis") and received a reservation confirmation via their email address. The confirmation contained a section titled "Terms and Conditions" and included a hyperlink advising guests to view the other terms and conditions at http://www.atlantis.com/reservations/TermsAndConditions.aspx. This link provided advance notification that any dispute between the guest and the hotel or any affiliated company must be litigated exclusively in the Bahamas and that upon arrival at the Atlantis, the guest would be required to sign a registration form that included a Bahamian forum selection clause. When the Feggestads checked into the Atlantis, the resort representative asked them to sign a registration card. When Mr. Feggestad asked why, the representative explained that it was necessary for the guests to charge incidentals to their hotel bill. The registration card had a written agreement on the back titled **"ACKNOWLEDGEMENT, AGREEMENT AND RELEASE – READ BEFORE SIGNING**." The eight (8) paragraph agreement stated, in pertinent part, that "I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The

3

Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever." (R. DE 13-3.)  Mr. Feggestad signed the agreement.  Subsequently, several days after their arrival at the Atlantis, Mr. Feggestad slipped and fell on a wet sidewalk and sustained severe personal injuries.

B.  *Procedural History*

In November 2014, the Feggestads filed a complaint in the United States District Court for the Southern District of Florida alleging negligence against the owners and operators of the Atlantis.  Specifically, the complaint alleged that James Feggestad suffered personal injuries when he slipped and fell on a sidewalk at the Atlantis and that his wife Karen suffered loss of consortium.  Kerzner filed a motion to dismiss based on the forum selection clause contained in the registration agreement and based on the doctrine of *forum non conveniens*.  In their reply to Kerzner's motion, the Feggestads submitted their affidavits and affidavits of their traveling companions, stating that the front desk personnel at the Atlantis misrepresented the purpose of their signature on the registration card.  The district court granted Kerzner's motion on the basis of the valid forum selection clause, and the Feggestads then perfected this appeal.

4

## II. ISSUE

Whether the district court erred in granting Kerzner's motion to dismiss on the basis of a valid forum selection clause.

## III. STANDARDS OF REVIEW

This court reviews *de novo* the enforceability of a forum selection clause. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

We review a district court's ruling on a motion to dismiss for *forum non conveniens* for a clear abuse of discretion only. *Aldana v. Del Monte Fresh Produce N.A.*, 578 F.3d 1283, 1288 (11th Cir. 2009). As long as the district court considered all relevant factors, and its balancing of the factors was reasonable, we will give substantial deference to the district court's decision. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981).

## IV. ANALYSIS

"Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel*, 579 F.3d at 1281. A forum selection clause will be invalidated if (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of his day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a

5

remedy; or (4) enforcement of the clause would contravene public policy. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998). When the parties do not negotiate the forum selection clause, as was the case here, this court determines whether there was fraud or overreaching in its formation by looking to "whether the clause was reasonably communicated to the consumer." *Krenkel*, 579 F.3d at 1281. "A useful two-part test of 'reasonable communicativeness' takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms." *Id.*

The Feggestads did not take issue with the physical characteristics of the registration form they signed,[1] and this court has already found this particular agreement's physical characteristics adequate under the "reasonable communicativeness" test. *See Krenkel*, 579 F.3d at 1281 (finding same forum selection clause presumptively valid). Therefore, this court need not consider this prong of the "reasonable communicativeness" test.

---

[1] Kerzner notes that the Feggestads, for the first time on appeal, attempt to challenge the physical characteristics of the email and website containing the forum selection clause. This court has long held that it will not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Furthermore, the Feggestads concede that they never visited the Atlantis website and that they did not read the Terms and Conditions before filing their lawsuit. Moreover, all of their arguments to satisfy this prong of the "reasonable communicativeness" test are baseless.

We conclude from the record that the second prong of the test is also satisfied here.  The Feggestads contend that they were prevented from meaningfully reviewing and understanding the agreement they signed upon check-in by the misrepresentation of the resort personnel and the haste with which the personnel were checking-in guests.  However, we conclude that neither of these assertions satisfies their burden under the "reasonable communicativeness" test.

The record demonstrates that the Feggestads first received notice of the forum selection clause via the email confirmation of their reservation.  Even though the clause was contained in a hyperlink in the body of the email, there was nothing that prevented them from clicking on the link to read the terms and conditions that would apply to their stay at the Atlantis.  The Feggestads actually stated that they did not try to access the hyperlink.  Thus, because they cannot demonstrate how they were prevented from reading the terms and conditions, this email provided sufficient notice of the forum selection clause.  *See e.g.*, *Starkey v. G Adventures, Inc.*, 796 F.3d 193, 197–98 (2d Cir. 2015) (finding that a hyperlink sent via email linking to the terms and conditions of a vacation tour constituted reasonable communication of a forum selection clause contained in the terms and conditions); *Vanderham v. Kerzner Int'l Bahamas Ltd., et al.*, No. 13-24147-civ, 2014 WL 4285271, at *2 (S.D. Fla. Aug. 29, 2014) (ruling that the forum selection

7

clause was enforceable because Kerzner sent plaintiffs a confirmation of registration email that contained the terms and conditions including the forum selection clause) (identical facts to present case).

We also conclude from the record that the Feggestads received notice for a second time when they registered at the Atlantis.  They claim that the reservation personnel impeded their ability to read, fully understand, and reject the terms of the forum selection clause because she told them that their signature on the registration card was necessary to charge incidentals to their room.  This assertion, with no evidence that the resort personnel impeded or prevented them from reading the agreement, is insufficient.  *See Allied Van Lines, Inc. v. Bratton*, 351 So.2d 344, 347–48 (Fla. 1977) ("Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding.").  Moreover, the reservation personnel's statement to the Feggestads was true.  The Feggestads cannot enter into a contract that is presented to them in plain language via two mediums and then claim that they have been deceived.  *See e.g.*, *Krenkel*, 579 F.3d at 1282 (rejecting Krenkels' contention that the front desk personnel impeded their understanding of the terms of the forum selection clause).  In the

8

present case, the Feggestads cannot demonstrate that the inclusion of the forum selection clause was the product of fraud or coercion.[2]

In conclusion, we hold that the district court properly found the forum selection clause valid and enforceable under the circumstances of this case.[3]

AFFIRMED.

---

[2] The Feggestads also fault the district court for ignoring the fact that they had never visited the Atlantis before. They argue, citing to district court cases, that a plaintiff must have the opportunity to reject a forum selection clause "with impunity." While there is some language in the dissenting opinion in *Shute* to support such a stringent requirement, *see Carnival Cruise Lines, Inc., v. Shute*, 499 U.S. 585, 597, 111 S. Ct. 1522, 1529 (Stevens, J. dissenting), the binding precedent set out in *Krenkel* does not provide that a plaintiff can reject a forum selection clause "with impunity." Moreover, reversal here would make sense only if we required the district court to have made a finding that rejection "with impunity" was possible, because the district court plainly found that the Feggestads had the opportunity to reject the agreement.

[3] Additionally, the Feggestads have not demonstrated inconvenience or unfairness, that the chosen law would deprive them of a remedy, or that enforcement of the forum selection clause would contravene public policy. *See Lipcon*, 148 F.3d at 1296.