In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 16-2885

NATASHA MUELLER and
SCOTT MUELLER,

*Plaintiffs-Appellants*,

*v.*

APPLE LEISURE CORPORATION d/b/a
APPLE LEISURE GROUP, APPLE
VACATIONS, LLC, AM RESORTS, LLC,
and AM RESORTS, LP,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 14-C-1369 — **Rudolph T. Randa**, *Judge*.

_____

ARGUED MAY 16, 2017 — DECIDED JANUARY 26, 2018

_____

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges*.

SYKES, *Circuit Judge*. Natasha Mueller suffered a severe bout of food poisoning after she was served contaminated fish at a resort in the Dominican Republic while on her

honeymoon. She and her husband sued several affiliated companies that sold and managed their vacation package. They filed their suit in federal court in the Eastern District of Wisconsin, where they live and purchased their trip. The vacation contract, however, contains a forum-selection clause requiring the parties to litigate their disputes in Delaware County, Pennsylvania.

The defendants moved to dismiss, citing the forum-selection clause in the travel contract. The district judge applied the doctrine of forum non conveniens and dismissed the case based on the forum-selection clause. The Muellers cry foul, insisting that the judge's order was procedurally irregular because the dismissal motion did not expressly invoke that doctrine. They also argue that the judge should have converted the motion to one for summary judgment and allowed discovery before ruling on the issue.

We affirm. The judge's decision was procedurally and substantively sound. A forum-selection clause channeling litigation to a nonfederal forum is enforced through the doctrine of forum non conveniens. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). *Atlantic Marine* holds that only an exceptional public-interest justification can displace a contractual choice of forum. *Id.* at 581. The Muellers have not identified *any* public interest to justify overriding the forum-selection clause in their travel contract. Dismissal on the pleadings was entirely appropriate.

## I. Background

Apple Vacations, LLC, and AM Resorts, LP, function as part of a vertically integrated travel and hospitality con-

glomerate operating under the trademark "Apple Leisure Group."[1] Apple Leisure Group specializes in packaged travel sales and resort management. In October 2011 Scott and Natasha Mueller purchased from Apple an all-inclusive trip to Secrets Resort in Punta Cana, Dominican Republic, for their honeymoon. AM Resorts manages Secrets Resort. The Muellers booked their vacation through a travel agent authorized to sell Apple vacations in Fond du Lac, Wisconsin. The contract attached to their travel vouchers explains in boldface type that "[t]he exclusive forum for the litigation of any claim or dispute arising out of … [this] trip shall be the *Court of Common Pleas of Delaware County, Pennsylvania*." (Emphasis added.)

While on her honeymoon, Natasha became ill after Secrets Resort served her contaminated fish. She was diagnosed with Ciguatera poisoning, a foodborne illness caused by eating certain reef fish infected with Ciguatera neurotoxins. The Muellers filed suit against Apple Leisure Group in federal court in the Eastern District of Wisconsin, seeking damages for breach of warranty and negligence, as well as contractual medical-insurance benefits. The original complaint named "Apple Leisure Corporation DBA Apple Leisure Group" as the sole defendant, but the Muellers filed an amended complaint adding Apple Vacations and

---

[1] The precise corporate structure of the Apple Leisure Group conglomerate is not clear, but the parties use this description in their briefs so we will too.

AM Resorts, LP.[2] We refer to the defendants collectively as "Apple."

Citing Rules 12(b)(2), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure, Apple moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. Among its many arguments, Apple asserted that the forum-selection clause in the vacation contract required the Muellers to bring their claims in Delaware County, Pennsylvania.

The judge agreed. Applying *Atlantic Marine*, he explained that when the parties have contractually chosen a nonfederal forum, the correct mechanism to enforce the forum-selection clause is a motion to dismiss for forum non conveniens. Though Apple had not specifically invoked the doctrine, the judge evaluated the dismissal motion under forum non conveniens and dismissed the case.

## II. Analysis

The scope of this appeal is narrow. The Muellers challenge only the procedural regularity of the dismissal order. They object that the judge raised the doctrine of forum non conveniens himself. They also insist that the judge should have converted the dismissal motion to a motion for summary judgment and allowed discovery before ruling on the issue. "A dismissal for forum non conveniens is 'committed to the sound discretion of the trial court' and 'may be reversed only when there has been a clear abuse of discre-

---

[2] In 2013 AM Resorts, LP merged with AM Resorts, LLC. Apparently Apple Leisure Corporation no longer exists. According to the Delaware Secretary of State, it was dissolved in 2000, long before the Muellers' trip.

tion.'" *Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)).

The district judge correctly recognized that *Atlantic Marine* squarely controls this case. There the Supreme Court held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." 134 S. Ct. at 580. The contract at issue in *Atlantic Marine* channeled litigation to either of two fora: state court in Norfolk County, Virginia, or federal court in the Eastern District of Virginia. The plaintiff sued in the Western District of Texas. The defendant sought to enforce the forum-selection clause by motion under 28 U.S.C. § 1406(a), which permits a district court to dismiss or transfer a "case laying venue in the wrong division or district," or alternatively, by motion under Rule 12(b)(3), which permits dismissal for improper venue.

Neither procedural vehicle was exactly right. The Court explained that "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." *Id.* at 579. Rather, when a forum-selection clause requires suit in a specific *federal* forum, "the clause may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)," which permits the district court to transfer the case "to any other district to which the parties have agreed by contract or stipulation." *Id.*

More to the point here, the Court also explained that when a forum-selection clause requires suit in a specific *nonfederal* forum, the doctrine of forum non conveniens is the proper vehicle to enforce the clause. *Id.* at 580. The Court noted that § 1404(a) "is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the

transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Id.* "For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'" *Id.* (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

Either way, the analysis is the same. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 581. When the case involves a forum-selection clause, however, private interests drop out of the equation. *Id.* at 581–82. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 582. So when a forum-selection clause is in play, the analysis is limited to public-interest factors. *Id.* And because those factors are "rarely" strong enough to override the parties' preselected forum, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Here the judge applied the Supreme Court's instructions perfectly. Although Apple had not formally moved to dismiss based on forum non conveniens, the dismissal motion plainly invoked the forum-selection clause and asked the court to enforce it. Accordingly, the judge was well within his discretion to treat the motion as, in substance, a forum non conveniens motion.

And the judge did not abuse his discretion on the substance of the matter. The Muellers have not identified a single public interest to justify overriding the contractual choice of forum.[3]

As a fallback argument, the Muellers maintain that because Apple submitted the vacation contract as an attachment to the dismissal motion, the judge should have converted the motion to one for summary judgment under Rule 56 and permitted discovery. This argument is meritless. All of the Muellers' claims are grounded in the travel contract. It is "well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (internal quotation marks omitted); *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). This rule is a liberal one—especially where, as here, the plaintiff does not contest the validity or authenticity of the extraneous materials. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). And no amount of discovery would alter the forum non conveniens calculus, which in this context considers only public-interest factors.

In short, we find no abuse of discretion. As *Atlantic Marine* instructs, the judge evaluated Apple's motion to enforce the forum-selection clause under the doctrine of forum non conveniens. And because the Muellers pointed to

---

[3] The Muellers assert in passing that the forum-selection clause is "likely unenforceable" because it appears in a consumer contract. They do not develop this argument further. Nor could they, given *Carnival Cruise Lines, Inc. v. Shute*, 449 U.S. 585, 593–95 (1991).

no public interest to justify setting aside the contractual choice of forum, the judge dismissed the case. That approach was procedurally and substantively correct.[4]

AFFIRMED.

---

[4] The Muellers fleetingly assert that if "a forum-selection clause exists, it would be between the Muellers and Defendant Apple Vacations, LLC" but not the other defendants. This vaguely hints at an argument that the related companies may not enforce the clause, but the Muellers offer no further explanation. We decline to consider this undeveloped argument. *United States v. Cisneros*, 846 F.3d 972, 979 (7th Cir. 2017) ("Because [the appellant] has provided only a perfunctory and undeveloped argument as to both the law and the underlying facts, this claim is waived.").