[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13477

_____

D.C. Docket No. 0:16-cv-60197-JIC

MICHAEL HISEY,

Plaintiff - Appellant,

versus

QUALTEK USA, LLC, JOSEPH KESTENBAUM, CHRISTOPHER HISEY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 9, 2018)

Before TJOFLAT and JORDAN, Circuit Judges, and STEELE,[*] District Judge.

_____

[*] Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

STEELE, District Judge:

This case involves a contractual forum-selection clause that limits the forum of litigation to all state and federal courts within Pennsylvania. Plaintiff nonetheless sued Defendants in Florida state court. Seeking to enforce the forum-selection clause, Defendants filed a motion to dismiss the case after they removed it to federal court. The district court granted the motion pursuant to the doctrine of *forum non conveniens* and *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013). This appeal challenges the propriety of that dismissal and the subsequent denial of a motion for relief under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. After careful review of the parties' briefs and the record, and with the benefit of oral argument, we affirm the district court's orders.

## I.

Plaintiff-Appellant Michael Hisey ("Hisey") was formerly the Chief Business Officer for Qualtek USA, LLC ("Qualtek"), a Delaware company with its principal place of business in Pennsylvania. On April 29, 2013, Hisey signed a two-page Employment Offer Letter agreement (the "Qualtek employment agreement") containing the following choice-of-law provision and forum-selection clause:

> In the event a dispute does arise regarding your
> employment with the Company, including any validity

2

interpretation, construction and performance of this letter, said dispute shall be governed by and construed in accordance with the substantive laws of the Commonwealth of Pennsylvania. Jurisdiction for resolution of any disputes shall be solely in Pennsylvania.

In December 2014, Qualtek fired Hisey.

One year later, Hisey filed suit against Qualtek and two Qualtek officers (collectively, "Defendants") in state court in Broward County, Florida.[1]  The ten-count complaint asserted a variety of discrimination and retaliation causes of action pursuant to the Florida Civil Rights Act, Fla. Stat. §§ 760.10(1), 760.10(7), and 760.50(5); the Broward County Human Rights Act; Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e)-2, -3; and the Americans with Disabilities Act, 42 U.S.C. § 12101.

Defendants timely removed the case to the United States District Court for the Southern District of Florida based upon federal question and supplemental jurisdiction.  Defendants then filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), Local Rule 7.1 of the Southern District of Florida Local Rules, and the doctrine of *forum non conveniens*.  As relevant to this appeal, Defendants argued that dismissal was appropriate because the valid forum-selection clause contained in the Qualtek

---

[1] Hisey asserts that he performed his job functions at Qualtek's satellite office in Broward County, Florida.

3

employment agreement required suit to be filed in Pennsylvania state or federal court.  Alternatively, Defendants argued the case should be dismissed under the traditional doctrine of *forum non conveniens*, becuase Pennsylvania courts could more appropriately resolve the dispute.

In response, Hisey asserted that the forum-selection clause was invalid because the Qualtek employment agreement was not enforceable, and that application of the *forum non conveniens* doctrine supported litigating in Florida, not Pennsylvania.  Neither side requested a transfer of the case to a Pennsylvania federal court.

The district court found that the employment agreement was indeed a valid contract, and that its forum-selection clause was also valid and permitted the parties to bring suit in any court in Pennsylvania – state or federal.   In evaluating the proper method for enforcing that clause, the district court concluded that, after the Supreme Court's decision in *Atlantic Marine*:

> motions to enforce a forum-selection clause are evaluated under one of two similar frameworks.  If the forum-selection clause specifies a United States district court in which a plaintiff should have brought the case, the Court analyzes the matter as a motion to transfer under 28 U.S.C. § 1404(a).  If the clause does not identify such a district court, the Court considers the matter under the residual doctrine of forum non conveniens.

Because the clause in the Qualtek employment agreement encompassed multiple state and federal courts instead of a particular federal district, the district court

4

evaluated the clause's enforceability under the doctrine of *forum non conveniens.* Finding no "unusual circumstances in which such a clause should be disregarded," the district court dismissed the suit for *forum non conveniens*.

Hisey then filed a Motion to Alter, Amend, or Reconsider under Federal Rule of Civil Procedure 59(e) and, alternatively, for Relief from Judgment or Order under Rule 60(b).  Hisey argued that the district court erred in concluding that *Atlantic Marine* supported – indeed, required - dismissal pursuant to the *forum non conveniens* doctrine.  Instead, according to Hisey, the district court should have *sua sponte* converted the motion to dismiss into a motion to transfer pursuant to 28 U.S.C. § 1404(a), and transferred the case to the appropriate Pennsylvania federal court.  Hisey asked the district court, for the first time, to transfer the case to the Eastern District of Pennsylvania, or to at least clarify that dismissal was without prejudice to refiling a complaint in an appropriate forum.

The district court denied Hisey's motion.  The court stood by its conclusion that *Atlantic Marine* supported dismissal under the doctrine of *forum non conveniens* in the situation where, like this one, the forum-selection clause does not "specify a single United States district court in which the case should have been brought."  The court also denied as moot Hisey's request for a dismissal without prejudice, noting that a *forum non conveniens* dismissal is, by default, without prejudice under Federal Rule of Civil Procedure 41(b).

5

This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1291 because dismissal for *forum non conveniens* constitutes a final, appealable order. *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir. 2009) (per curiam).

## II.

Hisey raises two issues on appeal.  First, Hisey contends that the district court erred in dismissing his case pursuant to the *forum non conveniens* doctrine instead of transferring it to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  Second, Hisey argues that even if dismissal was procedurally correct under *Atlantic Marine*, "the district court nonetheless erred by failing to fulfill its obligation to ensure [Hisey's] ability to re-file his lawsuit in Pennsylvania without undue inconvenience or prejudice" – for example, by requiring Defendants to waive any statute of limitations defense.[2]

A dismissal under the *forum non conveniens* doctrine is typically reviewed for an abuse of discretion.  *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1312 (11th Cir. 2017); *Feggestad v. Kerzzner Int'l Bahamas Ltd.*, 843 F.3d 915, 918 (11th Cir. 2016).   In this case, however, Hisey does not assert that the district court reached the wrong conclusion after weighing the relevant factors, but that the district court misapplied the law as set forth in *Atlantic Marine*.  We

---

[2] Hisey does not appeal the district court's finding that the Qualtek employment agreement and its forum-selection clause are valid and enforceable, nor does he challenge the court's ultimate conclusion that application of the *forum non conveniens* factors compelled dismissal.

6

"review *de novo* the district court's application of the law." *Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 238 F.3d 1300, 1308 (11th Cir. 2001); *see also Parker v. Sec'y for Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003) (legal questions are reviewed *de novo*).[3]

The district court's subsequent order denying post-judgment relief under Rules 59(e) and 60(b) is reviewed for an abuse of discretion. *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). Generally, only "newly-discovered evidence or manifest errors of law or fact" will serve as bases for relief from judgment under Rule 59(e). *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677,

---

[3] Some of our sister circuits have observed that the standard used to review a *forum non conveniens* dismissal based specifically on the existence of a valid forum-selection clause is unsettled after *Atlantic Marine*. *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 180 (3d Cir. 2017); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016); *U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.*, 612 F. App'x 671, 672 n.2 (4th Cir. 2015) (per curiam); *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). We do not address this issue because Hisey cannot prevail under the de novo standard that is most beneficial to him.

680 (11th Cir. 1984)).

## III.

We are first asked to decide whether the district court misapplied the law when it dismissed Hisey's complaint on *forum non conveniens* grounds, rather than *sua sponte* transferring the case under § 1404(a) to a federal court in Pennsylvania pursuant to the parties' forum-selection clause. We begin our analysis with a discussion of *Atlantic Marine*.

## A.

*Atlantic Marine* involved a payment dispute under a contract containing a forum-selection clause requiring suit to be filed "in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division." 134 S. Ct. at 575. Notwithstanding this provision, the plaintiff sued Atlantic Marine in federal court in the Western District of Texas. Atlantic Marine moved to dismiss for "improper venue" under Federal Rule of Civil Procedure 12(b)(3) and "wrong venue" under 28 U.S.C. § 1406(a). Alternatively, Atlantic Marine requested a transfer to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) and the parties' forum-selection clause. The district court denied both requests, finding that while transfer, not dismissal, was indeed the appropriate putative remedy, Atlantic Marine had not shown the balance of public and private interest factors favored a transfer under § 1404(a).

The Fifth Circuit affirmed on all grounds. *In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736 (5th Cir. 2012).

The Supreme Court granted certiorari to address "[t]he procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause." *Atl. Marine*, 134 S. Ct. at 575. In a unanimous decision, the Supreme Court held that that if suit has been filed in a forum that satisfies the federal venue requirements (typically those set forth in 28 U.S.C. § 1391(b)), a party may not enforce a forum-selection clause by seeking dismissal under either § 1406(a) or Rule 12(b)(3). Id. at 577-79 ("[A] forum-selection clause does not render venue in a court 'wrong' or 'improper . . . .'"). Because the only two procedural grounds for dismissal raised by Atlantic Marine were § 1406(a) and Rule 12(b)(3), the Supreme Court affirmed the decision of the lower courts to deny the motion to dismiss.[4] *Id.*

Having eliminated § 1406(a) and Rule 12(b)(3) as procedural vehicles to enforce a forum-selection clause, the Supreme Court then identified the proper mechanism to use in two specific scenarios. First, the Supreme Court affirmed that, with certain "adjustments," § 1404(a) "provides a mechanism for enforcement

---

[4] The Supreme Court expressly declined to consider the position advanced in an *amicus* brief that Rule 12(b)(6) is a proper procedure through which to obtain dismissal of a suit filed "in a district other than the one specified in a valid forum-selection clause," since Atlantic Marine had not sought dismissal under 12(b)(6), and neither party had "brief[ed] the Rule's application to th[e] case at any stage of th[e] litigation." *Atl. Marine*, 134 S. Ct. at 580.

of forum-selection clauses that point to a particular federal district." *Id.* These adjustments require a court evaluating a motion to transfer pursuant to a forum-selection clause to afford no weight to either the plaintiff's selected forum or the parties' private interests, and to ignore the choice-of-law rules of the original venue. *Atl. Marine*, 134 S. Ct. at 581-82.

"For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'" *Id.* at 580 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)). Specifically, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.*

Because Atlantic Marine had requested a transfer, and because the forum-selection clause pointed to a particular federal district (the Norfolk Division of the Eastern District of Virginia), the Supreme Court found that "the Court of Appeals correctly identified § 1404(a) as the appropriate provision to enforce the forum-selection clause in th[at] case." *Id.* at 581. The Supreme Court remanded the case for proper application of the adjustments it had articulated for a § 1404(a) transfer evaluation. *Id.* at 583.

**B.**

The issue now before this Court is whether the forum-selection clause in the Qualtek employment agreement is analyzed under the *forum non conveniens* doctrine, as the district court concluded, or instead pursuant to § 1404(a).  Hisey asserts that the forum-selection clause must be enforced under § 1404(a) because it encompasses at least one federal forum to which the case could have been transferred.  Defendants contend that the *forum non conveniens* doctrine, not § 1404(a), governs because the Qualtek forum-selection clause does not "point to a particular federal district," but rather to all three federal districts in Pennsylvania and their many divisions.  *See* 28 U.S.C. § 118.

The district court concluded that it could properly evaluate the Qualtek forum-selection clause pursuant to the *forum non conveniens* doctrine.  We find no error in that conclusion.  To be sure, this is not a situation in which the forum-selection clause *requires* the dispute to be litigated in a non-federal forum.  *See e.g.*, *Pappas v. Kerzner Int'l Bahamas Ltd.*, 585 F. App'x 962, 964 (11th Cir. 2014) (per curiam) ("[A] motion to dismiss for *forum non conveniens* . . . is the appropriate means to enforce a valid forum-selection clause if that clause requires the dispute to be litigated in a non-federal forum." (emphasis added)); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 893-94 (7th Cir. 2018) (same).   But neither is it a situation in which the forum-selection clause *limits* venue to a particular federal

11

court.  None of the parties filed a motion to transfer or argued for a transfer.  *See Atl. Marine*, 571 U.S. at 52 ("When a defendant files [a motion to transfer under § 1404(a)], we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.").  And contrary to Hisey's argument, nothing in *Atlantic Marine* required the district court to *sua sponte* treat Defendants' motion to dismiss as a motion to transfer,[5] since *Atlantic Marine* was decided "in the context of a transfer motion under 28 U.S.C. § 1404(a)," *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 559 (11th Cir. 2016) (per curiam), and therefore addressed the standards governing such a motion.  *Atl. Marine*, 134 S. Ct. at 575 ("[I]n the present case, both the District Court and the Court of Appeals misunderstood the standards to be applied in adjudicating a § 1404(a) motion in a case involving a forum-selection clause . . . .").

The district court did not err in evaluating the parties' forum-selection clause and dismissing the case under the *forum non conveniens* doctrine as it did.

## C.

Hisey next argues that the district court abused its discretion in refusing to

---

[5] That is not to say a district court cannot *sua sponte* convert a motion to dismiss into a § 1404(a) transfer motion where a forum-selection clause contemplates a different federal forum.  Indeed, we have a "long-approved practice of permitting a court to transfer a case *sua sponte* [under § 1404(a)]," so long as the parties are given notice and the opportunity to respond prior thereto. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotation omitted).

vacate the dismissal order and transfer his case to the Eastern District of Pennsylvania pursuant to either Rule 59(e) or 60(b).  Hisey's argument fails because, as we have just discussed, the district court did not err in dismissing his case.  Moreover, prior to the dismissal, Hisey never raised transfer as an alternative way to enforce the forum-selection clause, instead insisting that Pennsylvania courts would *not* provide an adequate forum for the litigation.  That his strategy proved unsuccessful hardly justifies relief under Rule 59 or 60.  *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1295 (11th Cir. 2013).  The district court did not abuse its discretion in denying post-judgment relief.

## IV.

Finally, Hisey argues that the district court erred by dismissing his case without first safeguarding his right to proceed in another forum by, for example, ordering Defendants to waive their statute of limitations defense.  Hisey asks us to modify the district court's order to condition dismissal on Defendants' agreement not to raise this defense once the case has been refiled in Pennsylvania.

This Court certainly has the authority to modify a district court's order.  28 U.S.C. § 2106.  We have, in fact, modified orders dismissing for *forum non conveniens* to contain certain protective conditions, including a statute of limitations waiver.  *E.g.*, *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd,* 16-16187, --- F. App'x ---, 2018 WL 359998, at *12 (11th Cir. Jan. 11,

13

2018) (per curiam); *King*, 562 F.3d at 1384; *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1315-16 (11th Cir. 2001).  However, in those cases, the defendants had previously agreed to such conditions (*Aviation One*; *Leon*), or there was no forum-selection clause involved (*King*).

As noted above, courts do not afford any weight to a plaintiff's choice of forum or to the parties' private interests when deciding whether to enforce a valid forum-selection clause.  *Atl. Marine*, 134 S. Ct. at 581-82.  Accordingly, dismissal for *forum non conveniens* of a lawsuit brought by one who "has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause" results in "no injustice on the plaintiff" who "lose[s] out completely[] through the running of the statute of limitations."  *Id.* at 583 n.8. That is certainly so for Hisey, whose claims were not yet time-barred when Defendants moved to dismiss, but who insisted that Florida – and only Florida – was the proper forum in which to litigate his claims.  We do not find any basis to modify the district court's order of dismissal. *Cf. Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1358 (11th Cir. 2014) ("a party cannot avoid an initial *forum non conveniens* dismissal based on the unavailability of an alternative forum when the unavailability is a product of its own purposeful conduct").

The judgment of the district court is AFFIRMED.