*DarkPulse, Inc. v. FirstFire Glob. Opportunities Fund, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-four.

PRESENT:

> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

———————————————————————————

DARKPULSE, INC.,

> *Plaintiff-Appellant,*

v.                                                                 No. 23-78

FIRSTFIRE GLOBAL OPPORTUNITIES FUND, LLC, ELI FIREMAN,

> *Defendants-Appellees.*

———————————————————————————

**For Plaintiff-Appellant:**          MARJORIE M. SANTELLI (Mark R. Basile, Gustave P. Passanante, *on the brief*), The Basile Law Firm P.C., Jericho, NY.

**For Defendants-Appellees:**          AARON H. MARKS (Byron Pacheco, Julia D. Harper, *on the brief*), Kirkland & Ellis LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 17, 2023 judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

DarkPulse, Inc. appeals from the district court's judgment dismissing its amended complaint against FirstFire Global Opportunities Fund, LLC and Eli Fireman in connection with a convertible promissory note executed on April 26, 2021 (the "2021 Note"). Specifically, DarkPulse claims that FirstFire violated section 29(b) of the Securities Exchange Act of 1934 and the Racketeer Influenced and Corrupt Organizations Act ("RICO") when, upon DarkPulse's default, FirstFire converted the 2021 Note into shares of DarkPulse common stock at a fixed

conversion price.[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In the district court, FirstFire moved to dismiss all claims related to the 2021 Note based on the parties' execution of an amendment designating Delaware courts as the exclusive forum for any disputes related to that Note.  The district court agreed that the Delaware forum-selection clause was valid and enforceable and concluded that the amendment applied to DarkPulse's section 29(b) and RICO claims insofar as those claims concerned the 2021 transaction.  We agree.[2]

In determining whether a district court properly enforced a forum-selection clause, we ask "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory . . . , i.e., whether the

---

[1] Although the amended complaint alleged six causes of action arising from two convertible promissory notes – the 2021 Note and a separate note that was executed in September 2018 (the "2018 Note") – DarkPulse does not raise any arguments concerning the 2018 Note on appeal.  *See* DarkPulse Br. at 9 n.2.  Nor does DarkPulse raise any arguments relating to its section 20(a) Exchange Act claim against Fireman, its unjust enrichment claim, or its constructive trust claim. Accordingly, we do not address those claims or the 2018 Note herein.

[2] Although FirstFire did not explicitly reference DarkPulse's RICO claim in the portion of its motion to dismiss concerning the Delaware forum-selection clause, *see* App'x at 413, that fact does not alter our analysis here, given the broader language in FirstFire's motion to dismiss and appellate brief asserting that "*all* disputes" related to the 2021 Note must be litigated in Delaware. *Id.* (emphasis added); *see also id.* at 417 ("[T]he claims related to the 2021 Note must be dismissed."); FirstFire Br. at 3–4 (recognizing that DarkPulse's RICO claim was subject to the "Delaware exclusive forum provision[]"); *id.* at 22 (describing "Delaware as the exclusive forum for disputes regarding the 2021 Note").

3

parties are required to bring any dispute to the designated forum . . . ; and (3) whether the claims and parties involved in the suit are subject to the forum[-]selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (alterations and internal quotation marks omitted). If all three conditions are met, the forum-selection clause is "presumptively enforceable." *Id.* (internal quotation marks omitted). "A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* (internal quotation marks omitted). The fourth prong of this analysis is governed by "[f]ederal common law." *Starkey v. G Adventures, Inc.*, 796 F.3d 193, 196 n.1 (2d Cir. 2015); *see also Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) ("[O]ur precedent indicates that federal law should be used to determine whether an otherwise mandatory and applicable forum clause is enforceable under . . . step four in our analysis.").

Here, the district court appropriately concluded that the first three prongs of this inquiry were met. *First*, the amendment was reasonably communicated to DarkPulse. The amendment – which was only slightly longer than one page and was personally signed by DarkPulse's CEO – clearly contained a bold and

4

underlined heading specifying that it amended the "governing law" and "venue" of the 2021 Note. App'x at 161–63. *Second*, the language of the forum-selection clause was plainly mandatory. *See id.* at 161 ("Any action . . . *shall* be brought *only* in the state courts of Delaware or in the federal courts located in the state of Delaware." (emphasis added)). *Third*, there is no dispute that both parties are subject to the amendment's forum-selection clause and that the amendment applies to the claims at issue. Indeed, as DarkPulse recognized at oral argument, only the fourth prong is at issue here. *See Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021) (explaining that a party is bound by counsel's statements at oral argument).

DarkPulse argues that the amendment containing the Delaware forum-selection clause is unenforceable because the 2021 Note facilitated a criminally usurious loan under New York law and was therefore void *ab initio*. But, as noted above, our analysis under the fourth prong of *Martinez* is governed by *federal* common law. *See Starkey*, 796 F.3d at 196 n.1. Our precedents provide that we will enforce a forum-selection clause unless "(1) its incorporation was the result of fraud or overreaching, (2) the law to be applied in the selected forum is fundamentally unfair, (3) enforcement contravenes a strong public policy of the

5

forum in which suit is brought, or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of [its] day in court." *Rabinowitz v. Kelman*, 75 F.4th 73, 81 n.6 (2d Cir. 2023) (internal quotation marks omitted).

We are unpersuaded that any of these exceptions has been established here. As an initial matter, DarkPulse does not advance any argument that the amendment was procured through fraud or overreach, or that trial in Delaware – where DarkPulse is incorporated – would be difficult or inconvenient. With regard to fundamental fairness, DarkPulse concedes that there is no federal prohibition on usury and fails to advance any argument as to why, as a matter of federal common law, the application of Delaware's laws would be fundamentally unfair. Nor has DarkPulse demonstrated that enforcement of the forum-selection clause would contravene a sufficiently strong public policy of New York state. *See Boss v. Am. Express Fin. Advisors, Inc.*, 6 N.Y.3d 242, 246–47 (2006) (declining to invalidate a forum-selection clause as against public policy where "[t]he issue [plaintiffs] raise is really one of choice of law, not choice of forum," and noting that "objections to a choice[-]of[-]law clause are not a warrant for failure to enforce a choice[-]of[-]forum clause"). Accordingly, we see no reason to disturb the district

6

court's conclusion that the Delaware forum-selection clause was enforceable. *See Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014) (explaining that we "may affirm on any basis supported by the record").

Having properly concluded that the Delaware forum-selection clause was enforceable, the district court should have either dismissed DarkPulse's claims regarding the 2021 Note – *e.g.*, the section 29(b) and RICO claims – without prejudice under the doctrine of *forum non conveniens* or transferred the claims to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a). *See Rabinowitz*, 75 F.4th at 80 ("[G]enerally[,] the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*, rather than Rule 12(b)." (internal quotation marks omitted)); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56, 59–61 (2013) (explaining that "a case filed in a district that falls within [28 U.S.C.] § 1391 may not be dismissed under . . . Rule 12(b)(3)" but may be transferred under 28 U.S.C. § 1404(a), which "codif[ies] . . . the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system").

Although FirstFire moved to dismiss DarkPulse's amended complaint pursuant to Rule 12(b)(3), FirstFire does not dispute that – setting aside any issues related to the forum-selection clause – venue would have been proper in New York under section 1391(b). And the allegations in DarkPulse's amended complaint indeed suggest that venue would have been proper in New York for the purposes of the federal venue statute. *See* App'x at 371–72 (alleging that FirstFire's principal place of business is in New York and that a substantial portion of events giving rise to the action occurred there); *see also* 28 U.S.C. § 1391(b)–(c). We therefore conclude that *forum non conveniens* principles – as opposed to Rule 12(b)(3) improper venue considerations – properly govern here.

Because we conclude that the Delaware forum-selection clause was enforceable as to DarkPulse's section 29(b) and RICO claims insofar as they relate to the 2021 Note, we vacate those aspects of the district court's judgment that can be read as dismissing the section 29(b) and RICO claims with prejudice so that a Delaware court may address the merits of these claims in the first instance. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007) (explaining that "a *forum non conveniens* determination [is] a threshold, nonmerits issue"); *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988) (noting that a district court

8

"did not resolve the merits of [a] claim" when it determined the claim "should be dismissed under the federal *forum non conveniens* doctrine"); *see also Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991) (stating that when a "district court d[oes] not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended"). Moreover, recognizing that the forum-selection clause allows for actions related to the 2021 Note to be brought in *either* the federal or state courts of Delaware, and in light of DarkPulse's request that any surviving claims be "transferred to the correct forum," Reply at 2 n.2, we determine that transfer to a Delaware federal court – as opposed to dismissal without prejudice to refiling in state court – is warranted. *See Atl. Marine Const. Co.*, 571 U.S. at 63 ("[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." (alterations and internal quotation marks omitted)).

For the reasons given above, we **AFFIRM** the judgment of the district court regarding the enforceability of the Delaware forum-selection clause as applied to DarkPulse's section 29(b) and RICO claims in connection with the 2021 Note, **VACATE** the judgment insofar as the district court dismissed DarkPulse's section

29(b) and RICO claims, and **REMAND** with instructions to transfer this case to the

United States District Court for the District of Delaware.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court